PER CURIAM
Writ granted.
*306 Pursuant to La. C.Cr.P. art. 703(D), defendants have the burden of proof on a motion to suppress an out-of-court identification. The jurisprudence has established a multi-factor test for ascertaining whether a defendant has carried the burden of proof for suppressing an identification. See, e.g., State v. Higgins , 2003-1980, p. 19 (La. 4/1/05), 898 So.2d 1219, 1233. While the test has multiple factors, globally it asks whether the identification was suggestive, and if so, whether there was a substantial likelihood of misidentification.
The trial court never reached the test described in Higgins , finding instead that there was no reasonable suspicion to detain five subjects, two of whom were eventually presented for a "show-up" identification to the armed robbery victim in this case. The trial court's finding of no reasonable suspicion to detain the subjects is insupportable on this record, which under the "totality of the circumstances" shows police had "a particularized and objective basis for suspecting the particular person[s] stopped of criminal activity." State v. Morgan , 2009-2352, p. 5 (La. 3/15/11), 59 So.3d 403, 406. Here, the subjects were detained in close proximity to a car that had just been abandoned after a high speed chase to elude police, who were pursuing the car based on the victim's description of its involvement in the armed robbery. Accordingly, because the standard of reasonable suspicion to detain the defendants was met, the trial court erred in failing reach the legal issue of whether the defendants' identifications were suggestive and in failing to apply the factors described in Higgins .
From our review of the record, for purposes of defendants' motions to suppress the identifications, we accept that the identifications were suggestive. Police presented each defendant to the victim individually, after each was taken from the back of a police cruiser. Each defendant remained handcuffed with an officer standing beside him and a spotlight trained on him.
However, the present record does not lend itself to a full application of the Higgins test. We therefore remand for the trial court to conduct a separate evaluation of the five factors we adopted in Higgins on the issue of whether an identification presents a substantial likelihood of misidentification. Relatedly, we note the trial court's ruling that probable cause was lacking was a ruling premised on the trial court's having suppressed the identifications. Thus, on remand, after separately evaluating whether the show-up identification of each defendant is viable, the trial court shall evaluate whether probable cause exists as to each defendant.
Hughes and Genovese, JJ., would deny.